# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| CONRAD BRAUN, | CASE NO. 15cv1392-WQH-RBB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| JONATHAN J. SAPAN; CHRISTOPHER J. REICHMAN, and PRATO & REICHMAN, APC, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion to dismiss the Second Amended Complaint (ECF No. 44) filed by Defendants Prato & Reichman, APC, Christopher J. Reichman, and Jonathan J. Sapan.

**I. Background**

On June 25, 2015, Plaintiff Conrad J. Braun initiated this action by filing a Complaint against Defendants. (ECF No. 1). On July 2, 2015, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 3). On November 23, 2015, the Court issued an Order dismissing Plaintiff's FAC. (ECF No. 27).

On May 3, 2016, Plaintiff filed a Second Amended Complaint ("SAC"), which became the operative pleading. On May 17, 2016, Defendants filed the motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 44). On June 7, 2016, Plaintiff filed an opposition. (ECF No. 45). On June 13, 2016, Defendants filed a reply. (ECF No. 46).

## II. Allegations of the SAC

"The primary employment of the Plaintiff is to offer and implement fully TCPA compliant voice broadcasting through management of HomeyTel, Inc. . . . ." (ECF No. 43 ¶ 2). "Plaintiff incorporated his business as HomeyTel Inc. in 2006 and has developed a moderately successful business offering compliant business-to-business (hereinafter, B2B) voice broadcasting messaging as well as political call messaging until he was hit by the Defendants . . . with fraudulent abuse of process schemes . . . ." *Id.* "At all times mentioned, each defendant acted in joint and concerted action with each co-defendant herein . . . and each defendant ratified the conduct of each co-defendant." *Id.* ¶ 7.

"On December 26, 2011, the Plaintiff received an email from client Charles Phelan, Manchester Publishing Company, Inc. . . . concerning a demand letter from Defendant Jonathan Sapan regarding alleged violations of the Telephone Consumer Protection Act of 1991 (47 U.S.C. § 227 and 47 C.F.R. § 64.1200) claiming unlawful pre-recorded calls to his residence." *Id.* ¶ 8. "Defendant Sapan went on with follow-up demand letters to Charles Phelan, Manchester Publishing Inc. . . . with reference to his attorney Defendant Christopher J. Reichman." *Id.* ¶ 9. "Defendant attorney Christopher J. Reichman sent demand letters to client Charles Phelan, Manchester Publishing, Inc. claiming pre-recorded calls were delivered to the residence of Defendant Sapan stating in part, 'Any confusion in letters was due to the fact that your scofflaw call center provider, known amongst other aliases as HomeyTel, runs multiple illegal call campaigns. . . .'" *Id.* ¶ 10.

"[I]t became clear to Plaintiff that Defendant Sapan's telephone number was being advertised and promoted as a business number under the aliases of Quantum Solution, Jack Quang, Jack, and Jack Barnes to solicit lawful business-to-business calls protected by the Telephone Consumer Protection Act of 1991 and the commerce clause . . . ." *Id.* ¶ 11.

> Once Defendant Sapan received the lawful B2B message he acted in joint and concerted action with Defendant Reichman and wrote 'demand letters'

claiming TCPA right to privacy violations when they knew no such violation occurred as the telephone number was promoted and advertised as a business by Defendant Sapan. Pre-recorded commercial telephone messages business-to-business are protected by the commerce clause and TCPA subject to regulations enforced by the FCC and FTC. Pre-recorded commercial telephone messages to residences are prohibited under TCPA as a violation of the right to privacy and Congress created a private cause of action in TCPA to remedy such abuse. Here the Defendants, in joint and concerted action, promoted and advertised telephone numbers as a business to solicit lawful business-to-business calls and when they received the lawful calls they sent extortion letters disguised as 'demand letters' claiming the number was a residence and a violation of the right to privacy creating the false appearance that the Plaintiff's lawful business was unlawful.

*Id.* ¶ 12. "Once the Defendants received the invited lawful calls they would then send extortion letters . . . ." *Id.* ¶ 13. "When extortion letters disguised as lawful 'demand letters' did not manifest the demanded monies from client Phelan, the Defendants went on to file suit in federal court Sapan v. Manchester Publishing Company, Inc. Case No: 13-CV-0820-WQH-RBB . . . ." *Id.* ¶ 14. "Client Phelan and his company settled for an undisclosed sum." *Id.* ¶ 15.

"On November 19, 2012, client DebtCare USA received a demand letter from Defendant Sapan alleging violations of [the TCPA] claiming unlawful pre-recorded messages to his residence." *Id.* ¶ 16. "As a result of Defendants' conduct the Plaintiff lost Manchester Publishing Company, Inc. And DebtCare USA as clients." *Id.* ¶ 18.

"On or about December 19, 2011 the Plaintiff received a recorded response from Defendant Sapan's telephone number 858-433-9808 that said, 'Hi, this is Jack Quang, Quantum Solutions 858-412-7665. Further, on November 14, 2012 upon calling telephone number 858-412-7665 a voice message was received that stated, 'You have reached Jonathan Sapan at 858-433-9808." *Id.* ¶ 51. "Defendants engaged in an ongoing criminal enterprise inducing the Plaintiff to call Defendant Sapan's advertised and promoted business telephone in a deceptive scheme of wire and mail fraud, which formed the basis for extortive demands for compensation and lawsuits against Plaintiff['s] clients." *Id.* ¶ 55. "[t]he ongoing nature of these crimes, which span from 2010 to present, poses a genuine threat of continuing criminality." *Id.* ¶ 56.

Plaintiff brings eight causes of action: (1) abuse of process; (2) intentional

interference with prospective economic; (3) loss of reputation due to fraud; (4) libel due to fraud; (5) implied and equitable relief; (6) violations of Racketeer Influenced and Corrupt Organizations Act; (7) conspiracy to violate RICO; and (8) unfair competition under Business and Professions Code § 17203. Plaintiff seeks at least $250,000 in damages, treble damages, $25,000 for investigative costs, punitive damages, declaratory and injunctive relief, costs and attorney fees.

**III. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8 states, "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). The burden is on the plaintiff to establish that the court has subject matter jurisdiction over an action. *Assoc. of Medical Colleges v. United States*, 217 F.3d 770, 778-79 (9th Cir. 2000). In resolving an attack on a court's jurisdiction, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air For Everyone v. Doyle,* 373 F.3d 1035, 1039 (9th Cir. 2004). Issues regarding subject matter jurisdiction may be raised at any time, by motion or sua sponte by the court. Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland,* 316 F.3d 822, 826-27 (9th Cir. 2002).

**IV. Judicial Notice**

Defendants request judicial notice of the register of actions in various state court

cases to which Plaintiff was a party, various state court orders, and filings made by Plaintiff in state court. The Court denies the request for judicial notice, finding the documents submitted by Defendants unnecessary to the resolution of the motion. *See, e.g.*, *Asvesta v. Petroutsas*, 580 F.3d 1000, 1010 n. 12 (9th Cir. 2009) (denying request for judicial notice where judicial notice would be "unnecessary").

## V. Discussion

### A. Injury

Defendants contend that the SAC does not allege a connection between the lawsuit-related activities and harm to Plaintiff. Defendants contend that "Braun admits that he is employed by HomeyTel, Inc. . . . But nowhere does he cite law that allows him to litigate by 'standing in the shoes' of the corporation that employs him. If HomeyTel, Inc. was injured, then it needs to hire an attorney and file a lawsuit." (ECF No. 46 at 3). Plaintiff contends that he has alleged a sufficient injury because he has alleged that he lost two clients as a result of Defendants' criminal enterprise.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The party invoking federal jurisdiction bears the burden of establishing Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Plaintiff must establish (1) an "'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) 'actual or imminent, not conjectural or hypothetical,'" (2) a causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision. *Id.* at 560-61 (citations omitted). "[A] litigant . . . must assert his own legal interests rather than those of third parties." *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 100 (1979*)* (citations and internal quotation marks omitted). In the absence of a plaintiff's Article

III standing, a court lacks subject matter jurisdiction to entertain the lawsuit. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109-110 (1998).

"When . . . the plaintiff defends against a motion to dismiss at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice because we presume that general allegations embrace those specific facts that are necessary to support the claim." *Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 969 (9th Cir. 2009) (citations and internal quotations omitted); *see also Carrico v. City and Cnty. of S.F.*, 656 F.3d 1002, 1006 (9th Cir. 2011) (noting that, at the pleading stage, standing analysis is based "on the allegations of the . . . complaint, which we accept as true"). However, a complaint must allege a "plausible injury in fact" in order to establish Article III standing. *Id.* at 1007.

The Order dismissing Plaintiff's First Amended Complaint stated,

> [T]he Court concludes that Plaintiff has not alleged sufficient general factual allegations of injury to Plaintiff caused by Defendants' conduct. *See Legal Servs. Corp.*, 552 F.3d at 969. The conclusory allegation of "loss of business and reputation" in the title of one of the claims Plaintiff asserts in the FAC is insufficient to allege a "plausible injury in fact." *See Carrico*, 656 F.3d at 1006; ECF No. 3 at 5. Plaintiff does not provide facts in the FAC to show Defendant's conduct injured Plaintiff's business or caused Plaintiff to suffer a "concrete and particularized" injury. *See Lujuan*, 504 U.S. at 560-61. To the extent that Plaintiff is attempting to assert the legal interests of his clients or his employer, HomeyTel, the assertions do not establish "his own legal interests" in the lawsuit or an injury "peculiar to himself." *See Gladstone Realtors*, 441 U.S. at 100. The Court grants the motion to dismiss filed by Defendants on the grounds that the Court lacks subject matter jurisdiction to hear Plaintiff's lawsuit. *See* Fed. R. Civ. P. 12(b)(1).

(ECF No. 27 at 5-6).

The SAC alleges that "Plaintiff, Conrad J. Braun, is and at all times mentioned in this complaint was . . . employed by HomeyTel, Inc., a California corporation since 2006." (SAC ¶ 1). The SAC alleges that "[t]he primary employment of the Plaintiff is to offer and implement fully TCPA compliant voice broadcasting through management of HomeyTel, Inc. . . ." *Id.* ¶ 2. The SAC alleges that "Plaintiff incorporated his business as HomeyTel, Inc. in 2006 . . . ." *Id.* The SAC alleges that as a result of Defendants' actions and the demand letters sent to Plaintiff's clients,

1  "Plaintiff lost Manchester Publishing Company, Inc. And DebtCare USA as clients." *Id.* ¶ 18. The SAC also alleges that Plaintiff's business lost two clients and the reputation of Plaintiff's business was harmed.

The Court concludes that the SAC has not alleged facts sufficient to show that Plaintiff has standing to bring the alleged claims against Defendants. Plaintiff alleges that he lost clients and the reputation of his business was harmed, however, Plaintiff alleges that he is "employed by HomeyTel, Inc." (SAC ¶ 1). The allegations of the SAC support an inference that clients of the corporation were lost and the reputation of the corporation was harmed. Allegations that the corporation was injured by Defendants' conduct are not sufficient to support an inference that Plaintiff was personally injured.[1] The Court concludes that the allegations of the SAC do not establish Plaintiff's "own legal interests" in the lawsuit or an injury "peculiar to himself." *See Gladstone Realtors*, 441 U.S. at 100. The Court grants the motion to dismiss filed by Defendants on the grounds that the Court lacks subject matter jurisdiction over Plaintiff's action. *See* Fed. R. Civ. P. 12(b)(1)*; Steel Co.*, 523 U.S. at 109-110. Because the Court finds that Plaintiff cannot allege facts that would remedy the standing deficiency in Plaintiff's pleading, the Court dismisses the case with prejudice. *See Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) (holding that when amendment would be futile, the district court need not grant leave to amend).

*///*
*///*
*///*
*///*
*///*
*///*

---

[1] Plaintiff brings this action *pro se*. A corporation, however, cannot appear *pro se*. Pursuant to Local Civil Rule 83.3(k) and federal common law, a corporation can only appear and litigate in federal court through licensed counsel. *D-Beam Ltd. Partnership v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004).

**VI. Conclusion**

IT IS HEREBY ORDERED that the motion to dismiss the Second Amended Complaint (ECF No. 44) filed by Defendants is granted. The Second Amended Complaint is dismissed with prejudice.

DATED: August 30, 2016

                                                          _William Q. Hayes_
                                                          **WILLIAM Q. HAYES**
                                                          United States District Judge